**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID R. KAUFFMAN, | ) | |
| | ) | |
| | ) | 1:25-CV-100 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PENNSYLVANIA DEPT. OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

This *pro se* prisoner civil-rights case was referred to Chief Magistrate Judge Richard A. Lanzillo for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and the Local Rules of Court applicable to Magistrate Judges.

Mr. Kauffman is proceeding *pro se*. He filed a 98-page, 537-paragraph complaint, against 47 Defendants who committed hundreds of violations of his rights during a 14-month stay at SCI-Forest. ECF 11. Chief Magistrate Judge Lanzillo sorted through the complaint, and motions to dismiss, and issued a comprehensive and detailed R&R, in which he sensibly severed the April 25, 2023, claims to make the case more manageable, dismissed certain claims, and allowed others to proceed. ECF 44.

Mr. Kauffman filed a 30-page brief of objections, largely objecting to the severance as being prejudicial and also arguing that Judge Lanzillo failed to address the merits of some arguments and erred in other merits rulings. ECF 49.

On *de novo* review, the Court overrules the objections. The severance was appropriate under Rule 21, and the merits rulings were all appropriately considered and ruled upon. Any alleged failures to consider certain allegations in the complaint are immaterial.

1

The main theme of the objections appears to be that Judge Lanzillo erred in "severing" the Supervisory Defendants.  Mr. Kauffman, though, also acknowledges that Judge Lanzillo didn't sever the Supervisory Defendants, he dismissed them, and so Mr. Kauffman argues that was erroneous.  Judge Lanzillo correctly found that there were implausible allegations of direct involvement to support the supervisory-liability claims, and so was right in dismissing them.  ECF 44 at 33–35; *see* ECF 11 at 30, 41, 62–63, 73 (detailing supervisory liability based on Mr. Kauffman's submitted grievances); *see Mincy v. Chmielsewski*, 508 F. App'x 99, 104 (3d Cir. 2013) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement.").

Finally, Mr. Kauffman, as part of his objections, complains about the delay in this case, and so the Court addresses that.  The reality of this case (as well as Mr. Kauffman's two other pending cases) is that his scorched-earth tactics are only going to dramatically slow his cases down, bury any meritorious claims within a heap of unmeritorious ones, and cause frustration to not only judges and defense counsel, but to Mr. Kauffman himself. Mr. Kauffman is *pro se*, so the Court does not hold any of this against him. But, as is clear from the filings, Mr. Kauffman is clearly diligent and intelligent.  So hopefully he can begin to appreciate what well-trained lawyers know, which is that less is more.

*****

**AND NOW**, this 10th day of August, 2026, it is hereby **ORDERED** that Judge Lanzillo's R&R (ECF 44) is **ADOPTED** in full.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

2

cc:
David R. Kauffman
11 Forever Lane
Paradise, PA 17562